IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MSA Products, Inc.<br><br>*Plaintiff,*<br><br>v.<br><br>Nifty Home Products, Inc., Frank Tiemann, Fingerhut and Southern Refreshment Services, Inc. d/b/a COFFEEICON.COM<br><br>*Defendants.* | Civil Case No. 11-cv-5261(WJM)(MF)<br><br>**DOCUMENT FILED ELECTRONICALLY**<br><br>Hon. William J. Martini, U.S.D.J.<br><br>Hon. Mark Falk, U.S.M.J. |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL DISMISSAL PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)**

**STERNS & WEINROTH, P.C.**
50 West State Street, Suite 1400
Trenton, New Jersey 08610

**NIKOLAI & MERSEREAU, P.A.**
900 Second Avenue South
Suite 820
Minneapolis, MN 55402

*Attorneys for Defendants Nifty Home Products, Inc., Frank Tiemann, Fingerhut and Southern Refreshment Services, Inc., d/b/a CoffeeIcon.com*

# TABLE OF CONTENTS

Table of Contents.................................................................................................... ii
Table of Authorities................................................................................................iii
    I.  INTRODUCTION. ......................................................**Error! Bookmark not defined.**
    II. THE COMPLAINT AS TO FRANK TIEMANN SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(2) REGARDLESS OF PLAINTIFF'S AMENDED COMPLAINT. .......................................................**Error! Bookmark not defined.**
        A.  Regardless of Plaintiff's Filing an Amended Complaint, Dismissal of Frank Tiemann Is Still Appropriate. ....................................................**Error! Bookmark not defined.**
        B.  The Amended Complaint Fails to Sufficiently Allege Alter Ego Liability......... **Error! Bookmark not defined.**
        C.  Plaintiff Has Failed To Meet Its Burden of Proving Facts Supporting Jurisdiction......4
    III. THE COURT SHOULD DISMISS COUNTS I AND II OF THE (AMENDED) COMPLAINT AS THEY RELATE TO NIFTY'S 6436 AND 6454 PRODUCTS BECAUSE NIFTY'S 6436 AND 6454 PRODUCTS DO NOT INFRINGE THE PATENTS-IN-SUIT AS A MATTER OF LAW. .................................................................6
        A.  Design Patents are Narrow In Scope. .................................................................6
        B.  Rule 12(b)(6) Is Appropriate To Dismiss This Case. ...................................................8
        C.  Alternatively, It Is Appropriate For the Court To Partially Dismiss Counts I and II Under A Summary Judgment Standard. ...................................................................9
        D.  As A Matter Of Law, There Is No Infringement Under The Ordinary Observer Test.10
    IV. CONCLUSION. ..........................................................**Error! Bookmark not defined.**

# TABLE OF AUTHORITIES

**Cases**

*Arminak & Assoc. v. Saint-Gobain Calmar, Inc.*, 424 F.Supp.2d 1188, 1202 (C.D. Cal. 2006) .... 7
*Bangura v. Pennrose Mgmt., Co.*, Civ. 09-0417, 2010 U.S. Dist. LEXIS 59450, *8 (D.N.J. June 15, 2010) ................................................................................................................................ 3
*Bd. Of Trustees Local 863 Pension Fund v. Foodtown, Inc.*, 296 164, 173 n.10 (3d Cir. 2002) .... 3
*Bush Indus., Inc. v. O'Sullivan Indus., Inc.*, 772 F.Supp.2d 1442, 1450-51 (D. Del. 1991) .......... 8
*Capital Inv. v. Funding, LLC*, Civ. 08-4714, 2009 U.S. Dist. LEXIS 51809, *14 (D.N.J. June 17, 2009) ................................................................................................................................... 3
*Carolina Cas. Ins. Co. v. Tony's Towing, Inc.*, 2011 U.S. Dist. LEXIS 107849, *5-7, n.4 (S.D. Ala. Sept. 22, 2011) ............................................................................................................... 3
*Colida v. Nokia, Inc.*, 347 Fed. Appx. 568, 571 (Fed. Cir. 2009) ................................................ 7
*Contessa Food Products, Inc. v. Conagra, Inc.* 282 F.3d 1370, 1378 (Fed. Cir. 2002) ................ 9
*Coyer v. Hemmer*, 901 F. Supp. 872, 883 (D.N.J. 1995) ............................................................. 3
*Eastern American Trio Products, Inc. v. Tang Electronics Corp.*, 97 F.Supp.2d 395, 408 (S.D.N.Y. 2000) ..................................................................................................................... 8
*Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008) ......................................... 9
*Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995) .................................... 5, 8
*Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 557 F.Supp.2d 494, 497 (D.N.J. 2008) ...... 4
*Gorham Co. v. White*, 81 U.S. 511, 528 (1871) ..................................................................... 8, 10
*Kaplan*, 789 F.2d 1574 (Fed. Cir. 1986) ..................................................................................... 6
*Kellman v. Coca-Cola Co.*, 280 F.Supp.2d 670, 680 (E.D. Mich. 2003) ................................... 7
*Keystone Retaining Wall Sys., Inc. v. Westrock, Inc.*, 997 F.2d 1444, 1451 (Fed. Cir. 1994) .... 6, 8
*Lawman Armor Corp. v. Master Lock Co.*, Civ. 02-6605, 2004 U.S. Dist. LEXIS 3705, 21-25 (E.D. Pa. Mar. 11, 2004) ........................................................................................................ 8
*Lee v. Dayton-Hudson Corp*, 838 F.2d 1186, 1189 (Fed. Cir. 1988) ......................................... 10
*Mann*, 861 F.2d 1581, 1582 (Fed. Cir. 1988) ............................................................................. 5
*Metrokane, Inc. v. Wine Enthusiast*, 185 F.Supp.2d 321, 330 (S.D.N.Y. 2002) ......................... 7
*Minka Lighting, Inc. v. Craftmade Int'l, Inc.*, 93 Fed. Appx. 214, 217 (Fed. Cir. 2004) ........... 10
*Mizco Int'l, Inc.*, Civ. 07-2394, 2009 U.S. Dist. LEXIS 27056 (E.D.N.Y. Mar. 31, 2009) .......... 6
*Moose M. Toymakers, Ltd. V. Majiik Ltd., LLC*, Civ. 10-4934, 2010 U.S. Dist. LEXIS 90269, *7-8 (D.N.J. Aug. 12, 2011) ....................................................................................................... 5
*Oddzon Products, Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1404 (Fed. Cir. 1997) ..................... 5, 8
*Oquendo-Claudio v. Santander Fin. Servs.*, 2011 U.S. Dist. LEXIS 125443, *3-4 n.10 (D.P.R. Oct. 31, 2011) ........................................................................................................................ 2
*Pathfinder Mgmt. v. Mayne Pharma PTY*, Civ. 06-2204, 2008 U.S. Dist. LEXIS 61081 * 17-21 (D.N.J. Aug. 5, 2008) ............................................................................................................ 5
*Patterson v. FBI*, 893 F.2d 595, 603-604 (3d Cir. 1990) ............................................................ 1
*Pippett v. Waterford Dev., LLC*, 166 F. Supp. 2d 233, 236 (E.D. Pa. 2001) ............................... 2
*Richard A. Pulaski Constr. Co. v. Air Frame Hangers, Inc.*, 195 N.J. 457, 472, 950 A.2d 868, 877 (2008) ............................................................................................................................. 3
*Street Flyers LLC v. Gen-X Sports, Inc.*, Civ. 01-9669, 2003 U.S. Dist. LEXIS 14597, 45-47 (S.D.N.Y. Aug. 19, 2003) ...................................................................................................... 8
*Tropicana Products, Inc. v. Land O'Lakes, Inc.*, 286 F.Supp.2d 343, 345 (D. Del. 2003) ......... 5
*Unette Corp. v. Unit Pack Co., Inc.*, 785 F.2d 1026, 1028-1029 (Fed. Cir. 1986) ....................... 6
*Vigil v. Walt Disney Co.*, 232 F.3d 911, 2000 U.S. App. LEXIS 6321 (Fed. Cir. 2000) ............. 7

**Rules**
Fed. R. Civ. P. 56(b)...........................................................................................................7
Fed. R. Civ. P. 12(b)(2) ................................................................................................1, 10
Fed. R. Civ. P. 12(b)(6) ................................................................................................2, 6, 7
Fed. R. Civ. P. 56..............................................................................................................2
Fed. R. Civ. P. 9(b)............................................................................................................3

I.  **INTRODUCTION.**

    Plaintiff has failed to meet its burden of establishing that the Court has jurisdiction over Frank Tiemann through either an affidavit or other competent evidence. Plaintiff instead relies merely on allegations set forth in its Amended Complaint. First, these are merely conclusory allegations parroting caselaw factors which justify piercing the corporate veil. The Third Circuit has established that a plaintiff cannot rely on the pleadings alone to overcome a Rule 12(b)(2) motion. See e.g., *Patterson v. FBI*, 893 F.2d 595, 603-604 (3d Cir. 1990). Plaintiff's failure to submit an affidavit means that the Court should dismiss Plaintiff's Complaint against Mr. Tiemann for a lack of jurisdiction. Second, Mr. Tiemann's motion is not rendered "moot" merely because Plaintiff has filed an Amended Complaint. The Amended Complaint does not cure the infirmities of the original Complaint, nor does it meet Plaintiff's burden in responding to a Rule 12(b)(2) motion. Moreover, it would be a waste of the Court's resources to deem Mr. Tiemann's motion "moot" only to have him re-file the motion in response to the Amended Complaint.

    Separately, the Court also should dismiss Plaintiff's claim that the Nifty 6436 Coffee Pod Drawer ("6436") and the Nifty 6454 Coffee Pod Drawer ("6454") (collectively, "Nifty Products") infringe either U.S. Patent D628,444 or D628,445 (collectively, "patents-in-suit"). The patents-in-suit are narrow design patents covering the ornamental appearance of the designs shown in the drawings of the patents. There is no dispute regarding the appearance of the Nifty Products. (Nifty has provided samples for the Court). No amount of discovery can alter the fact that the Nifty Products are strikingly different in appearance from the designs covered by the patents-in-suit. No ordinary observer, and hence no reasonable jury could possibly conclude that

Defendants have infringed the patents-in-suit by manufacturing, using or selling either the 6436 or the 6454 products.

Plaintiff concedes that there are two important differences between the Nifty Products and the designs shown in the drawings of the patents-in-suit. Plaintiff first concedes that the Nifty Products have three tiers while the patent drawings show a single tier. Plaintiff also concedes that the Nifty Products have a different shape than the designs shown in the patent drawings—rectangular versus square. Either of these two differences, standing by itself, is sufficient for the Court to conclude that as a matter of law, the Nifty Products are not "substantially similar" to the designs shown in the drawings of the patents-in-suit. These, of course, are not the only two ornamental differences between the Nifty Products and the drawings of the patents-in-suit. When considered in their entirety, no reasonable jury could find that an ordinary consumer would confuse the Nifty Products with the patented designs. Granting Defendants' motion to dismiss, under either Rule 12(b)(6) or Rule 56, will save judicial resources and narrow the issues in this case.

## II. THE COMPLAINT AS TO FRANK TIEMANN SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(2) REGARDLESS OF PLAINTIFF'S AMENDED COMPLAINT.

### A. Regardless of Plaintiff's Filing an Amended Complaint, Dismissal of Frank Tiemann Is Still Appropriate.

Under appropriate circumstances, the filing of an amended complaint may render a pending motion to dismiss moot. *Pippett v. Waterford Dev., LLC*, 166 F. Supp. 2d 233, 236 (E.D. Pa. 2001). However, an amendment to a complaint does not render the grounds raised in the motion to dismiss moot where the amended complaint is substantially identical to the original complaint. *Oquendo-Claudio v. Santander Fin. Servs.*, 2011 U.S. Dist. LEXIS 125443, *3-4 n.10 (D.P.R. Oct. 31, 2011); *Carolina Cas. Ins. Co. v. Tony's Towing, Inc.*, 2011 U.S. Dist.

LEXIS 107849, *5-7, n.4 (S.D. Ala. Sept. 22, 2011). Furthermore, as addressed below, Plaintiff's Amended Complaint in this matter does not cure the infirmities of Plaintiff's allegations regarding personal jurisdiction over Frank Tiemann.

### B. The Amended Complaint Fails to Sufficiently Allege Alter Ego Liability.

Under New Jersey law, courts will not pierce the corporate veil except to prevent fraud, injustice or the like. *See Richard A. Pulaski Constr. Co. v. Air Frame Hangers, Inc.*, 195 N.J. 457, 472, 950 A.2d 868, 877 (2008). When a party seeks to pierce the corporate veil on the basis of fraud it is subject to the pleading standards of Federal Rule of Civil Procedure 9(b). *Capital Inv. v. Funding, LLC*, Civ. 08-4714, 2009 U.S. Dist. LEXIS 51809, *14 (D.N.J. June 17, 2009); *Coyer v. Hemmer*, 901 F. Supp. 872, 883 (D.N.J. 1995). Rule 9(b) requires the complaint to describe the circumstances of the fraud with precise allegations of date, time or place or by using the same means which inject precision or substantiation in the allegation. *Bd. Of Trustees Local 863 Pension Fund v. Foodtown, Inc.*, 296 164, 173 n.10 (3d Cir. 2002). The new "information and belief" allegations in Paragraphs 23-34 of the Amended Complaint are all conclusory and lack the precision and substantiation required by Rule 9(b). Indeed, it would appear that the new allegations are nothing more than a thinly disguised attempt to parrot criteria courts have relied upon to pierce the corporate veil, but which conspicuously avoided any factual specificity or support. For this additional reason, the Court should decline to exercise personal jurisdiction over Mr. Tiemann.

### C. Plaintiff Has Failed To Meet Its Burden of Proving Facts Supporting Jurisdiction.

Once personal jurisdiction is challenged,, as it was here, Plaintiff must establish specific facts supporting jurisdiction and cannot rely on the pleadings alone. *Bangura v. Pennrose Mgmt., Co.*, Civ. 09-0417, 2010 U.S. Dist. LEXIS 59450, *8 (D.N.J. June 15, 2010). It is the

3

plaintiff's burden to prove that the court has personal jurisdiction over an out-of-state defendant and must sustain its burden in establishing jurisdictional facts through competent admissible evidence. *Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 557 F.Supp.2d 494, 497 (D.N.J. 2008). Plaintiff has not presented any competent evidence supporting any allegation related to jurisdiction and Mr. Tiemann set forth in either the original Complaint or in the Amended Complaint.

Plaintiff in its brief asserts that the Amended Complaint is based on "<u>facts</u> and claims not in its possession at the time it filed the original Complaint…" (ECF Doc. 26 at p. 1) (emphasis supplied). Yet, no competent evidence of such "facts" is presented by Plaintiff.

In fact, the only evidence in the record establishes that:

- Nifty's shares are split 50/50 between Mr. Tiemann and Mr. Vogelgesang. (Tiemann Decl., ¶¶ 6, 8).

- Mr. Tiemann and Mr. Vogelgesang share in the management and operations of Nifty. (Tiemann Decl., ¶ 8).

- Neither Mr. Tiemann nor Mr. Vogelgesang have voting or operational control of Nifty. (Id).

- Mr. Tiemann receives a salary from Nifty, and does not siphon funds from Nifty. (Tiemann Decl., ¶ 9).

- Nifty sells a number of products besides the two Nifty Products. (Tiemann Decl., ¶ 10).

- Nifty is sufficiently capitalized to meet its financial obligations and has no long-term debt. (Id.)

Absent competent evidence that a corporation is controlled or dominated by non-resident shareholders, the Court cannot find that Plaintiff has met its burden of establishing the Court

possesses personal jurisdiction over the non-resident shareholder as the "alter ego" of the corporation. *Pathfinder Mgmt. v. Mayne Pharma PTY*, Civ. 06-2204, 2008 U.S. Dist. LEXIS 61081 * 17-21 (D.N.J. Aug. 5, 2008). The Court should dismiss the Amended Complaint against Mr. Tiemann for lack of personal jurisdiction.

### III. THE COURT SHOULD DISMISS COUNTS I AND II OF THE (AMENDED) COMPLAINT AS THEY RELATE TO NIFTY'S 6436 AND 6454 PRODUCTS BECAUSE NIFTY'S 6436 AND 6454 PRODUCTS DO NOT INFRINGE THE PATENTS-IN-SUIT AS A MATTER OF LAW.

#### A. Design Patents are Narrow In Scope.

The Federal Circuit has made clear that "[d]esign patents have almost no scope." *In Re Mann*, 861 F.2d 1581, 1582 (Fed. Cir. 1988). In a design patent, the claim "is limited to what is shown in the application drawings." *Id.*; *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995) ("Design patents have almost no scope. The claim at bar, as in all design cases, is limited to what is shown in the application drawings.").

The issue of design patent infringement presented in this case is ripe for summary judgment because the Court can resolve the issue as a matter of law by visually comparing the patented design to the Nifty Products. *Moose M. Toymakers, Ltd. V. Majiik Ltd., LLC*, Civ. 10-4934, 2010 U.S. Dist. LEXIS 90269, *7-8 (D.N.J. Aug. 12, 2011) (granting motion on the pleadings after visually comparing the drawings to photographs of the accused product and finding "there are no material issues of fact or allegations in the pleadings that could lead this Court to find for Plaintiffs."); *Tropicana Products, Inc. v. Land O'Lakes, Inc.*, 286 F.Supp.2d 343, 345 (D. Del. 2003) (granting summary judgment after visually comparing the patent design and the accused product and finding "no reasonable trier of fact could find the designs substantially similar"); *accord Oddzon Products, Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1404 (Fed. Cir. 1997) (affirming summary judgment of non-infringement by "construing the claim to

the design, when appropriate, and then comparing it to the design of the accused device"); *Keystone Retaining Wall Sys., Inc. v. Westrock, Inc.*, 997 F.2d 1444, 1451 (Fed. Cir. 1994) (rejecting argument that "court erred by substituting its own judgment for that of a jury on the issue of overall similarity"); *Unette Corp. v. Unit Pack Co., Inc.*, 785 F.2d 1026, 1028-1029 (Fed. Cir. 1986) (affirming summary judgment where district court compared the similarities and differences in the two designs). "Where appropriate, courts, in applying the ordinary observer test, both before and after *Egyptian Goddess*, have not hesitated to grant summary judgment for defendants based on a 'mere visual comparison of the patented design and the accused product.'" *HR US LLC v. Mizco Int'l, Inc.*, Civ. 07-2394, 2009 U.S. Dist. LEXIS 27056 (E.D.N.Y. Mar. 31, 2009)(citations omitted).

The ordinary observer test conserves judicial resources (avoids voluminous submissions and/or lengthy hearings) by permitting a court to compare the patents in suit with the accused products (here, Nifty's 6436 and 6454 Products). The Patent Office found the designs to be different and so should the Court. Plaintiff's citation to *In re Kaplan*, 789 F.2d 1574 (Fed. Cir. 1986) is entirely misplaced. That case relates to a <u>utility patent</u> and not a design patent and therefore has no application to the case at bar.

### B. Rule 12(b)(6) Is Appropriate To Dismiss This Case.

The patents-in-suit and the Nifty Products are referenced in the Complaint, and therefore may properly be considered in a Rule 12(b)(6) ruling. (ECF Doc. 26 at p. 3). The Court has before it the patents-in-suit, undisputed photographs of the Nifty Products, and samples of the Nifty Products. The Court has all the evidence it needs to consider in ruling on Defendants' Rule 12(b)(6) motion. This case is ripe for dismissal as a matter of law because there is no set of facts Plaintiff can prove that would result in a finding that the Nifty Products infringe either of the

patents-in-suit. *See Kellman v. Coca-Cola Co.*, 280 F.Supp.2d 670, 680 (E.D. Mich. 2003) (dismissing plaintiff's claim for design patent infringement on a Rule 12(b)(6) motion to dismiss); *Colida v. Nokia, Inc.*, 347 Fed. Appx. 568, 571 (Fed. Cir. 2009) (affirming dismissal the design patent infringement claims after a motion to dismiss under Rule 12(b)(6) because the "dissimilarities far exceed the similarities"); *Vigil v. Walt Disney Co.*, 232 F.3d 911, 2000 U.S. App. LEXIS 6321 (Fed. Cir. 2000) ("we agree that the district court did not exceed its discretion in dismissing the action on its merits.").

### C. Alternatively, It Is Appropriate For the Court To Partially Dismiss Counts I and II Under A Summary Judgment Standard.

A defendant may move "at any time" for summary judgment. Fed. R. Civ. P. 56(b). Plaintiff does not explain its contention that summary judgment is inappropriate at this stage of litigation. Plaintiff only claims that design patent infringement is a question of fact. (ECF Doc. 26 at p. 5). However, there are no issues of fact for a jury to decide. There is no dispute as to what the patents-in-suit show in the drawings. There is no dispute as to what products are accused of infringement. There is no dispute as that what the Nifty Products look like. It is therefore entirely proper for this Court to determine that there is no infringement as a matter of law based on the visual inspection and comparison of the drawings of the patents to the samples of the Nifty Products before the Court. *See Arminak & Assoc. v. Saint-Gobain Calmar, Inc.*, 424 F.Supp.2d 1188, 1202 (C.D. Cal. 2006) (granting summary judgment because "the Court's independent comparison of the patented designs and the AA shroud convinces it that no reasonable buyer … would confuse them"); *Metrokane, Inc. v. Wine Enthusiast*, 185 F.Supp.2d 321, 330 (S.D.N.Y. 2002) (granting summary judgment because the overall visual impressions created by the accused device and the patented drawings are markedly different); *Lawman Armor Corp. v. Master Lock Co.*, Civ. 02-6605, 2004 U.S. Dist. LEXIS 3705, 21-25 (E.D. Pa. Mar. 11,

7

2004) (same); *Bush Indus., Inc. v. O'Sullivan Indus., Inc.*, 772 F.Supp.2d 1442, 1450-51 (D. Del. 1991) (same).

### D. As A Matter Of Law, There Is No Infringement Under The Ordinary Observer Test.

Plaintiff concedes that the Nifty Products do not infringe the patents-in-suit when it states "defendants' accused 6436 and 6454 Coffee Pod Drawers are virtually the same as plaintiff's patented designs *except that they stack the patented designs three high and instead of being substantially square are rectangular."* (ECF Doc. 26 at p. 4) (emphasis added). The fact that Nifty's multi-tiered coffee pod drawers have three levels and are substantially rectangular is all that is necessary for the Court to determine, as a matter of law, that the Nifty Products do not infringe the patents-in-suit. *See Street Flyers LLC v. Gen-X Sports, Inc.*, Civ. 01-9669, 2003 U.S. Dist. LEXIS 14597, 45-47 (S.D.N.Y. Aug. 19, 2003) (summary judgment granted because two differences in design meant "no reasonable fact finder could find infringement based on the undisputed facts").

Infringement under the "ordinary observer" test requires the plaintiff to prove that the patented designs and the accused designs are "substantially the same." *Gorham Co. v. White*, 81 U.S. 511, 528 (1871). The degree of similarity must be such that the ordinary observer would be deceived into purchasing the accused product believing it to be the patented design. *Id.* "There can be no infringement based on the similarity of specific features if the overall appearance of the designs is dissimilar." *Oddzon*, 122 F.3d at 1405; *Keystone,* 997 F.2d at 1450 (same); *Elmer,* 67 F.3d at 1578 ("focus is on the overall ornamental appearance ... not selected ornamental features"); *Eastern American Trio Products, Inc. v. Tang Electronics Corp.*, 97 F.Supp.2d 395, 408 (S.D.N.Y. 2000) ("It is not enough ... that defendants appropriate some of plaintiff's novel design elements."). Furthermore, the Court must take into account <u>all</u> of the features of the

8

patent drawings. *Contessa Food Products, Inc. v. Conagra, Inc.* 282 F.3d 1370, 1378 (Fed. Cir. 2002). *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008), a case relied upon heavily by Plaintiff in its opposition brief, actually supports the relief sought by Nifty in the pending motion. In *Egyptian Goddess*, the Federal Circuit, en banc, affirmed the district court's grant of summary judgment of non-infringement in favor of the defendant. Applying the ordinary observer test, the Court agreed that the accused nail buffer at issue, which was rectangular in shape and had a hollow tube, a generally square cross-section, and raised buffing pads on all four sides, did not infringe the patented nail buffer, which had the same general shape, but had raised buffing pads on only three sides. *Id.* at 682. The differences in ornamental features between the products incorporating the patents in suit and Nifty's 6436 and 6454 products are even more numerous and distinct.

The Nifty Products are designed in such a way so as to provide a number of differences which make it impossible for the reasonable fact-finder to find no infringement exists:

| Ornamental Features of the Patents-In-Suit | Ornamental Features of the Nifty Products |
|---|---|
| **Single** drawer arrangement | **Three-tiered** drawer arrangement |
| Substantially **square** with length and width substantially the same | **Rectangular** with substantial differences between the length and width |
| Drawer has **five dividers** with **six rows** | Drawers have **two dividers** with **three rows** |
| Drawer dividers **include** a wire mesh panel | Drawer dividers **do not** include a wire mesh panel |
| Front face of drawer **does not** include a wire mesh panel | Front face of drawer **includes** a wire mesh panel |
| Cabinet is six times **wider than it is tall** | Cabinet is **taller than it is wide** |
| Drawer handle extends across the length of approximately **two rows** for holding coffee pods | Drawer handle extends across the length of only **one row** for holding coffee pods |
| Rear of cabinet open **without obstruction** | **Five bars** extend across the back and between the opposed sides of the cabinet |

When taking all of the ornamental features of the drawings of the patents-in-suit into account, and considering the overall appearance of the design shown in the drawings of the

patents-in-suit, it is clear that the ordinary observer would not be deceived into believing that the 6436 and 6454 are the patented products. Only a person incapable of seeing, or even touching, the Nifty Products would confuse them for the patented product.

Furthermore, contrary to the inference in Plaintiff's opposition briefs, no separate doctrine of equivalents analysis is required or permitted under the ordinary observer test, because that test's substantial similarity standard by its nature subsumes a doctrine of equivalents analysis. *Minka Lighting, Inc. v. Craftmade Int'l, Inc.*, 93 Fed. Appx. 214, 217 (Fed. Cir. 2004); *Lee v. Dayton-Hudson Corp*, 838 F.2d 1186, 1189 (Fed. Cir. 1988) (the "substantially the same test" of *Gorham* uses "words associated with equivalency").

## IV. CONCLUSION.

For these and other reasons, the Court should grant Frank Tiemann's motion under 12(b)(2) and Defendants' motion to dismiss the 6436 and 6454.

                                                Respectfully submitted,

                                                **STERNS & WEINROTH, P.C.**
                                                *ATTORNEYS FOR DEFENDANTS*
                                                *NIFTY HOME PRODUCTS, INC., FRANK TIEMANN, FINGERHUT AND SOUTHERN REFRESHMENT SERVICES, INC. d/b/a COFFEEICON.COM*

Dated: November 14, 2011

/s/ Vincent J. Paluzzi
Vincent J. Paluzzi
vpaluzzi@sternslaw.com
  *and*
James T. Nikolai (*admitted Pro Hac Vice*)
Peter G. Nikolai (*admitted Pro Hac Vice*)
**NIKOLAI & MERSEREAU, P.A.**
900 Second Avenue South, Suite 820
Minneapolis, MN 55402
Phone: (612) 339-7461
Fax: (612) 349-6556