UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MSA PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NIFTY HOME PRODUCTS, INC. FRANK TIEMANN, FINGERHUT and SOUTHERN REFRESHMENT SERVICES, INC. d/b/a COFFEEICON.COM, <br><br> Defendants. | No. 2:11-CV-5261 (WJM) <br><br><br> OPINION |

This matter comes before the Court on a motion for partial dismiss filed by Defendants Fingerhut, Nifty Home Products, Inc., Southern Refreshment Services, Inc., and Frank Tiemann pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). For the following reasons, the Court will **GRANT** the motion **IN PART** and **DENY** it **IN PART.**

I.   BACKGROUND

Plaintiff MSA Products, Inc. ("MSA") is a New York corporation that owns United States Design Patent No. D628,444, for an invention entitled "Countertop Coffee Pod Drawer", issued by the United States Patent and Trademark Office on December 7, 2010 (the "'444 Patent"), and United States Design Patent No. D628,445, for an invention also entitled "Countertop Coffee Pod Drawer", issued by the United States Patent and Trademark Office on December 7, 2010 (the "'445 Patent", and collectively with the '444 Patent, the "MSA Patents"). Defendant Nifty Home Products, Inc. is a Minnesota corporation that manufactures and sells home furnishings and is owned in part by Defendant Tiemann, a Minnesota resident. Nifty allegedly manufactures and sells three versions of a product identified as the "K-Cup Drawer", which, to avoid confusion, the Court will refer to as the "K-Cup Unit". Like the inventions covered by the MSA Patents, all three versions of the K-Cup Unit at issue in this litigation are designed to hold coffee pods. The three versions include a single-drawer version, a three-drawer version

1

that holds 36 pods, and a three-drawer version that holds 54 pods. Defendants Fingerhut and Southern Refreshment Services, Inc. both allegedly resell the K-Cup Units to the public via their websites. They are incorporated in Minnesota and Texas, respectively.

On September 13, 2011, MSA filed a two-count complaint against Defendants, alleging that the Defendants were liable for infringing the MSA Patents based on their manufacturing and/or selling of the K-Cup Units. Count One alleges infringement of the '444 Patent, and Count Two alleges infringement of the '445 Patent. On October 21, 2011, Defendants filed the present motion to dismiss. Defendants seek to dismiss Defendant Tiemann from the action entirely for lack of personal jurisdiction. Defendants also seek dismissal of Plaintiff's claims for patent infringement with respect to the three-drawer versions of the K-Cup Unit. In response to Defendants' motion to dismiss, MSA filed the First Amended Complaint (the "FAC") which, among other amendments, contains additional allegations regarding Defendant Tiemann. The parties then completed briefing the pending motion to dismiss.

## II.   ANALYSIS

### A.  Lack of Personal Jurisdiction – Defendant Tiemann

Defendants ask the Court to dismiss MSA's claims against Defendant Tiemann for lack of personal jurisdiction, claiming that there is no basis for personal jurisdiction as Tiemann lacks the necessary minimum contacts with the District.[1]

In patent infringement cases, the Federal Circuit applies its own law regarding the issue of personal jurisdiction "because the jurisdictional issue is intimately involved with the substance of the patent laws." *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009). "Personal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long-arm statute permits the assertion of jurisdiction without violating federal due

---

[1] MSA asserts that, as a procedural matter, its filing of the FAC necessarily rendered the motion to dismiss moot with respect to any argument regarding lack of personal jurisdiction. That is, MSA asserts that the motion to dismiss addressed only the original – and now superseded – complaint, and therefore cannot be interpreted to apply in any way to the FAC. MSA is incorrect. The filing of an amended pleading does not render a motion to dismiss moot. While the Court could order Defendants to file a supplemental motion to dismiss incorporating by reference all prior arguments, *see, e.g.*, *Pippet v. Waterford Development, LLC*, 166 F. Supp. 2d 233, 236 (E.D. Pa. 2001); *Standard Chlorine of Delaware, Inc. v. Sinibaldi*, 821 F. Supp. 232, 239-40 (D. Del. 1992), there is no benefit in forcing such a formality in this instance. Instead, "the court simply may consider the motion as being addressed to the amended pleading." *Jordan v. City of Philadelphia*, 66 F. Supp. 2d 638, 641 n.1 (E.D. Pa. 1999) (quoting 6 Charles A. Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 1476 at 558 (2nd ed. 1990)).

process." *Nuance Communications, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1230 (Fed.Cir. 2010). In this instance, the New Jersey long-arm statute establishes New Jersey's jurisdictional reach conterminous with that allowed under the U.S. Constitution, subject only to due process of law. *Id.* at 96; *see also Wilson v. Paradise Village Beach Resort and Spa*, 929 A.2d 1122, 1126-27 (N.J. App. Div. 2007). Thus, the central inquiry is whether the defendant has "certain minimum contacts with . . . [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *See Int'l Shoe Co. v. Washington, Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316 (1945) (internal quotation omitted).

Once a defendant mounts a personal jurisdiction challenge, the plaintiff bears the burden of establishing jurisdiction. *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. De Equip. Medico*, 563 F.3d 1285, 1294 (Fed. Cir. 2009). In ruling on such a challenge, the court is not required to hold an evidentiary hearing. *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1410 (Fed. Cir. 2009). But where the court does not conduct a hearing, the plaintiff must only establish a prima facie case of personal jurisdiction. Similarly, where no jurisdictional discovery has been taken, the court must accept the complaint's allegations as true and resolve all factual disputes in the plaintiff's favor in ruling on the motion to dismiss. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003). After the plaintiff establishes a prima facie case, "the burden of proof shifts to the defendant, which must 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Breckenridge Pharmaceutical, Inc. v. Metabolite Laboratories, Inc.*, 444 F.3d 1356, 1362 (Fed. Cir. 2006).

Because the FAC does not allege that Defendant Tiemann has the necessary contacts for an exercise of jurisdiction, MSA's only real argument is that the Court should pierce Defendant's Nifty's corporate veil because Nifty is a mere alter ego of Defendant Tiemann. In patent actions where a court has jurisdiction over a corporation, the court may pierce the corporate veil to exercise personal jurisdiction over a shareholder who is the mere alter ego of that corporation. *See, e.g.*, *Minnesota Min. & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1265 (Fed. Cir. 1985). State law governs the Court's veil-piercing analysis. *See id.* (applying Minnesota state law). In New Jersey, two elements must be shown to pierce the corporate veil: "First, there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist. Second, the circumstances must indicate that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *The Mall at IV Group Properties, LLC v. Roberts*, No. 02-4692, 2005 WL 3338369, at *3 (D.N.J. Dec. 8, 2005) (quotation omitted).

3

Here, the allegations of the FAC are sufficient to allow the matter to proceed to discovery. While Defendants have produced some evidence attempting to refute the allegations, discovery is not complete nor has the Court held an evidentiary hearing, and so MSA has not had an opportunity to present any evidence to refute Defendants' proofs. As such, the Court must accept the truth of the allegations of the FAC, and while some of those allegations with respect to personal jurisdiction border on being conclusory, the Court must draw all inferences in favor of MSA. Thus, the Court will deny Defendant's motion at this time without prejudice and without deciding the issue of personal jurisdiction. After discovery, Defendants may renew their motion or move for summary judgment on this issue.

### B.  Partial Dismissal of MSA's Claims for Infringement

Defendants argue that no reasonable fact-finder could find that the three-drawer K-Cup Units infringe either of the MSA Patents. MSA argues that the question of patent infringement is necessarily one of fact, and thus, not appropriate for decision on a motion to dismiss. MSA further argues that even if such determination were appropriate at this stage, a reasonable fact-finder could find that the three-drawer K-Cup Units infringe both MSA Patents.

Although generally correct that infringement is usually a question of fact, MSA is wrong that the Court cannot determine infringement as a matter of law at the motion to dismiss stage. While not necessarily common, many courts have dismissed claims of design infringement on Rule 12(b)(6) motions where, as a matter of law, the court finds that no reasonable fact-finder could find infringement. *See, e.g.*, *Colida v. Nokia, Inc.*, 347 F. App'x 568, 569-70 (Fed. Cir. 2009) (affirming Rule 12(b)(6) dismissal of claim for infringement of cell phone design patents); *Parker v. Kimberly-Clark Corp.*, No. 11 C 5658, 2012 WL 74855, at *2-3 (N.D. Ill. 2012) (dismissing claim for infringement of design patent pursuant to Rule 12(b)(6)); *Cotapaxi Custom Design and Mfg., LLC v. Corporate Edge, Inc.*, 2007 WL 2908265, at *5-6 (D.N.J. Oct. 1, 2007) (same); *Kellman v. Coca-Cola Co.*, 280 F. Supp. 2d 670, 679-80 (E.D. Mich. 2003) (same).

Generally, determining whether the accused article infringes on a patent requires a two step analysis: first the court construes the patent, and second the fact-finder compares the accused article to the patent to determine infringement.  In the case of design patents, a court need not conduct elaborate claim construction because the court should construe the design patents as they are shown in the patent drawings. *Cotapaxi*, 2007 WL 2908265, at *4; *see also Crocs, Inc. v. Int'l Trade Com'n*, 598 F.3d 1294, 1302-03 (Fed Cir. 2010). When considering infringement of a design patent at the second step, courts use the "ordinary observer" test. *Crocs, Inc.*, 598 F.3d at 1303. Under the ordinary observer test,

infringement occurs "[i]f in the eye of the ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." *Gorham v. White*, 81 U.S.511, 528 (1871). Infringement should not be found unless the accused article embodies the patented design or any colorable imitation thereof. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed Cir. 2008).[2] Where no ordinary observer could determine that the allegedly infringed patent and the allegedly infringing article are substantially the same, dismissal is appropriate. *Id.*; *Cotapaxi*, 2007 WL 2908265, at *6.

      The FAC and both parties' motion briefs provide illustrations and photographs of the MSA Patents and the K-Cup Units. A side-by-side comparison of the MSA Patents and the three-drawer K-Cup Units makes clear that no ordinary observer could determine that the articles are substantially the same. Both of the coffee pod drawers embodied in the MSA Patents are roughly square shaped, being nearly as long as they are wide, and both are much longer and wider than they are tall. In contrast, both of the three-drawer K-Cup Units are rectangular shaped and are substantially longer and taller than they are wide. The products embodied in the MSA Patents appear to be wide enough to hold six coffee pods across, while the three-drawer K-Cup Units only appear wide enough to hold three. And then there is the obvious difference in the number of drawers as between the three-drawer K-Cup Units and the one-drawer products embodied in the MSA Patents – a storage unit for coffee pods with three drawers is not substantially the same as a storage unit for coffee pods with only one drawer. *See Egyptian Goddess*, 543 F.3d at 682-83 (affirming dismissal of design patent based in part on district court's finding that rectangular nail buffer with buffing pads on four sides was not substantially the same as rectangular nail buffer with buffing pads on three sides). While there are some ornamental similarities – both are constructed of a combination of metal tubes and wire mesh – and some functional similarities – both are drawers that hold coffee pods – because of the more substantial differences, no ordinary observer, accustomed to purchasing such products, could possibly purchase either three-drawer K-Cup Unit believing it to be either of the products embodied in the MSA Patents or a colorable imitation thereof.

      MSA argues that Defendants have failed to provide any legal authority that would allow them to merely take the design from the MSA Patents and stacked it three high. Even assuming for a moment that this is a correct description of the appearance of the three-drawer K-Cup Units – which it is not – MSA's argument

---

[2] While typically the Court or the fact-finder will benefit from a comparison of the designs at issue with examples of prior art, comparison with prior art is not necessary where the claimed design and the accused design are sufficiently distinct. Egyptian Goddess, 543 F.3d at 678.

ignores the fact that the ordinary observer test focuses on whether or not the ordinary observer would be deceived into purchasing an infringing product thinking that it was the patented product. Again, the Court finds that no such deception is possible given the obvious differences in appearance. And the Court finds it more telling that MSA has not come forth with any legal authority for its position that a product which multiplies the functional capacity and ornamental design of a patented produce necessarily infringes on that patent.

The Court will dismiss Counts One and Two to the extent that they attempt to state claims for infringement based on either of the three-drawer versions of the K-Cup Unit. Because further amendment would be futile, the Court will dismiss these claims with prejudice. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *see also Shelley v. Mullen*, 425 F. App'x 97, 97 n.1 (3d Cir. 2011) (holding district court did not err by dismissing complaint with prejudice as amendment would have been futile).

### III.   CONCLUSION

For the reasons stated above, the Court will grant Defendant's motion in part, dismissing Counts One and Two with prejudice to the extent they attempt to state claims for infringement based on either of the three-drawer versions of the K-Cup Units. The Court will otherwise deny the motion.

An appropriate order follows.

      /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**