UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MSA PRODUCTS, INC.<br><br>Plaintiff,<br><br>v.<br><br>NIFTY HOME PRODUCTS, INC., FRANK TIEMANN, FINGERHUT & SOUTHERN REFRESHMENT SERVICES, INC. D/B/A COFFEEICON.COM<br><br>Defendants. | Civ. No. 2:11-cv-05261 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

      This is a patent infringement case. Plaintiff MSA Products, Inc. alleges that Defendants, including Nifty Home Products, Inc. ("Nifty") and Nifty's President, Frank Tiemann, infringed MSA patents for drawers meant to hold K-Cups. Tiemann moves pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss all claims for lack of personal jurisdiction. In the alternative, Tiemann moves for summary judgment on the personal jurisdiction issue pursuant to Federal Rule of Civil Procedure 56. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Tiemann's motion to dismiss or, in the alternative, for summary judgment is **GRANTED**.

**I.    PROCEDURAL HISTORY**

      On December 7, 2010, the United States Patent and Trademark Office issued United States Design Patent No. D628,444 ("the '444 Patent") to MSA for an invention entitled "Countertop Coffee Pod Drawer." On December 7, 2010, the United States issued United States Design Patent No. D628,445, ("the '445 Patent") to MSA for an invention entitled "Countertop Coffee Pod Drawer."
      On September 13, 2011, MSA filed a Complaint alleging that Nifty, Tiemann, and others were infringing both the '444 Patent and the '445 Patent. The Complaint asserts personal jurisdiction over Nifty based on sales of allegedly infringing products in New Jersey. The Complaint asserts personal jurisdiction over Tiemann based on Tiemann's alleged alter ego relationship with Nifty. On October 21, 2011, Tiemann moved to dismiss, arguing that he was not Nifty's alter ego and that the Court lacked personal

jurisdiction over him. The Court denied the motion but authorized Tiemann to revisit the issue following the close of jurisdictional discovery.

Jurisdictional discovery is now complete, and Tiemann again moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) on personal jurisdictional grounds. In the alternative, Tiemann moves for summary judgment on the jurisdictional question pursuant to Federal Rule of Civil Procedure 56.

## II. FACTS

MSA maintains that the '444 Patent and the '445 Patent were infringed by Tiemann, among others. Tiemann is a Minnesota resident and the founder of Nifty, a company that manufactures and designs kitchen products. Tiemann Declaration ¶¶ 5, 10, ECF No. 87-2. Nifty markets its products with the company name and company trademarks. *Id.* at Exs. 7 and 8. Nifty files its own tax return, and Nifty's 2010 estimated sales were substantial. Tiemann Declaration ¶¶ 9-10. Nifty employs several people, in addition to Tiemann and another co-owner, Richard Vogelgesang. *Id.* ¶ 9. Nifty has 49 patents, and Tiemann is the sole named inventor on 48 of them. Gibson Cert. Ex. 4, ECF No. 91-5. Finally, Nifty pays a monthly rent to a company co-owned by Tiemann. Vogelsgang Dep. Tr. 39:10-14, ECF No. 91-3. Based on public records and deposition testimony, MSA argues that Nifty is overpaying its rent by a great deal. Opp. Br. at 9, ECF No. 91.

MSA maintains that Tiemann is in total control of Nifty's business. In support of this argument, MSA appeals primarily to the testimony of Alan Hertaus. Hertaus joined Nifty in 2005 and left the company in 2009 when he was fired by Tiemann. Hertaus Dep. Tr. 9:3-4, 41:17-18, ECF No. 91-2. At his deposition, Hertaus testified that during his time at Nifty, Tiemann would use company funds for personal expenses. *Id.* at 15:5-21, 16:24-15:7. Hertaus testified that when he joined Nifty, Nifty owed a good deal in credit card debt and that it also owed a substantial sum of money to two individuals. *Id.* at 19:1-20:7. Hertaus also testified that board meetings at Nifty were vacuous exercises in which no company policy was actually set. *Id.* at 9:11-20. While Hertaus believes that Tiemann continued to dominate Nifty after Hertaus was fired in 2009, Hertaus has no personal knowledge of what occurred at Nifty following Hertaus's departure. *Id.* at 44:1-46:22.

Tiemann argues that he did not dominate Nifty. In support of this argument, he Tiemann appeals to the testimony of Richard Vogelsgang, co-owner and current Chief Financial Officer of Nifty. Vogelsgang joined Nifty in 2009. Vogelsgang Dep. Tr. at 24:20-21. Vogelsgang testified that he and Tiemann make decisions in a collaborative manner. *Id.* at 21:14-19.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) provides for the dismissal of a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The burden of establishing

personal jurisdiction lies with the plaintiff. *Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2007). The plaintiff must show that jurisdiction exists by a preponderance of the evidence. *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992).

Federal Rule of Civil Procedure 56 provides for summary judgment "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court considers all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.2d 641, 647 (3d Cir. 2007).

## IV. DISCUSSION

MSA concedes that Tiemann's own contacts with New Jersey are too minimal to confer personal jurisdiction. However, MSA maintains that there is personal jurisdiction over Tiemann because there is personal jurisdiction over Nifty, which MSA argues is Tiemann's alter ego. Maintaining that he is not Nifty's alter ego, Tiemann moves to dismiss the Complaint, or in the alternative, for summary judgment, arguing a lack of personal jurisdiction.[1] Siding with Tiemann, the Court finds that personal jurisdiction over Tiemann is lacking.

Personal jurisdiction is a question of law that rests on factual findings. *Nuance Communications, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1230 (Fed. Cir. 2010). Generally, a Court has personal jurisdiction over a defendant if the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). An exception to this rule applies in cases of alter ego liability. A subsidiary is an alter ego of its parent when it is "so dominated . . . that it ha[s] no separate existence." *New Jersey Dep't of Envtl. Prot. v. Ventron Corp.*, 94 N.J. 473, 501 (1983) (citing 1 W. Fletcher, *Cyclopedia of the Law of Private Corporations* ("*Fletcher*") § 41.1 (Perm. ed. 1974 rev.)). If a subsidiary is the alter ego of a parent company, and if the Court has personal jurisdiction over the subsidiary company, then the Court also has personal jurisdiction over the parent company. *See Seltzer v. I.C. Optics, Ltd.*, 339 F. Supp. 2d 601, 609 (D.N.J. 2004). Here, there is no dispute that the Court has personal jurisdiction over Nifty. MSA alleges that the Court also has personal jurisdiction over Tiemann because Tiemann is Nifty's alter ego.

Under New Jersey law, which both parties assume to govern in this case, liability can be imposed on a parent based on the actions of a subsidiary if the subsidiary is an "alter ego" of the parent. To impose such liability—to "pierce the corporate veil"—

---

[1] The parties appear to agree that the Court should apply the same standard under Rule 12(b)(2) and Rule 56.

MSA must establish two things. First, it needs to establish a "such a unity of interest and ownership that the separate personalities of the corporation [Nifty] and the individual [Tiemann] cease to exist." *Mall at IV Grp. Props., L.L.C. v. Roberts*, No. 2-4692, 2005 WL 3338369, at *3 (D.N.J. Dec. 8, 2005). Second, it needs to establish that "adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *Roberts*, 2005 WL 3338369, at *3. "[T]he hallmarks of [the] abuse" that is the focus of the Second Factor are "typically the engagement of the subsidiary in no independent business of its own but exclusively the performance of a service for the parent and, even more importantly, the undercapitalization of the subsidiary rendering it judgment-proof." *OTR Associates v. IBC Services*, 353 N.J. Super. 48, 52 (App. Div. 2002).

MSA makes three arguments under the Second Factor for why an alter ego finding is needed to prevent fraud and injustice. Because MSA's arguments fail, the Court need not address the First Factor.

First, MSA argues that treating Tiemann and Nifty as distinct entities would promote injustice because Tiemann co-owns a company that charges Nifty exorbitant rent. The Court cannot find that charging rent—even exorbitant rent—to a company Tiemann co-owns constitutes the fraud or injustice necessary to pierce the corporate veil. Next, MSA argues that treating Tiemann and Nifty as separate entities would promote injustice because Tiemann is the named inventor on nearly all of Nifty's patents. MSA argues that Nifty has other employees who work on product, but besides from the patents at issue in this case, MSA makes no attempt to demonstrate that Tiemann was not properly named as an inventor on Nifty's patents.

Finally, MSA argues that treating Tiemann and Nifty as separate entities would promote injustice because Tiemann directed the infringing conduct at issue in this case. This argument also fails. While Tiemann's allegedly improper activities at Nifty might have injured MSA, MSA makes no showing that an alter ego finding is necessary in order to defeat a fraud or injustice. Ultimately, this is not a case of a sham, judgment-proof company that performs no business of its own, nor is it a case of a company that was created to infringe patents. *See Healthy Source, LLC v. Surwilo*, No. 10-3596, 2011 WL 3159147, at **2-3 (D.N.J. July 25, 2011) (plaintiffs alleged alter ego liability where defendant company was created for the purpose of false advertising); *Luma Enterprises, L.L.C. v. Hunter Homes & Remodeling, L.L.C.*, 2013 WL 3284130, at **6-7 (App. Div. July 1, 2013) (plaintiff alleged alter ego liability where defendant had "no underlying substance and no capital"). Accordingly, the Court finds, for purposes of the infringement alleged in this case, that Tiemann and Nifty are not alter egos. It follows that the Court lacks personal jurisdiction over Tiemann.

## V. CONCLUSION

For the reasons set forth above, the Court lacks personal jurisdiction over Tiemann.  Accordingly, Tiemann's motion to dismiss, or in the alternative, for summary judgment is **GRANTED**.  An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: January 14, 2014**